UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8186-PSG (KK) | Date | October 23, 2015 |
|---|---|---|---|
| Title | Kamilah L. Dennis v. Kimberly Hughes | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely**

# I.
# INTRODUCTION

Petitioner Kamilah L. Dennis ("Petitioner"), an inmate at California Institution for Women proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed.

# II.
# BACKGROUND

On September 7, 2011[1], in the Los Angeles Superior Court, Petitioner was convicted of second degree murder with use of a dangerous or deadly weapon in violation of California Penal Code sections 187(a) and 12022(b)(1). ECF Docket No. ("Dkt.") 1, Pet. at 2[2]; see People v. Dennis, No. B236745, 2013 WL 3853178, at *1 (Cal. Ct. App.

---

[1]   The Court obtained this date from the California Superior Court's website. The Superior Court of California, County of Los Angeles, Online Services, Criminal Case Summary - Case Number TA115453 - Defendant ID 01 - Case Information (Oct. 23, 2015, 12:15 PM), http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx.

[2]   The Court refers to the Petition's pages as if they were consecutively numbered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8186-PSG (KK) | Date | October 23, 2015 |
|---|---|---|---|
| Title | Kamilah L. Dennis v. Kimberly Hughes | | |

July 24, 2013). On October 12, 2011[3], Petitioner was sentenced to a term of sixteen years to life in prison. Pet. at 2.

Petitioner appealed her conviction. Id. at 5. On July 24, 2013[4], the California Court of Appeal affirmed Petitioner's conviction in a reasoned decision. Id.; see Dennis, 2013 WL 3853178, at *17.

On September 4, 2013, Petitioner filed a petition for review in the California Supreme Court. California Courts, Supreme Court, Docket (Oct. 23, 2015, 10:05 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2055399&doc_no=S213140. On November 13, 2013, the California Supreme Court denied the petition for review without prejudice. Id.

On August 25, 2014, Petitioner filed her first federal habeas petition with this Court. See Dennis v. Johnson, No. CV 14-8467-PSG KK, 2015 WL 1564855, at *1 (C.D. Cal. Apr. 3, 2015). On April 3, 2015, the Court denied the petition and dismissed the action without prejudice. Id.

On October 9, 2015[5], Petitioner filed the instant Petition. Pet. at 6. The Petition raises two claims: (1) the trial court improperly excluded Petitioner's "statements to the police following her arrest" as hearsay "because they were not offered for their truth";

---

[3]   The Court obtained this date from the California Superior Court's website. The Superior Court of California, County of Los Angeles, Online Services, Criminal Case Summary - Case Number TA115453 - Defendant ID 01 - Sentencing Information (Oct. 23, 2015, 10:00 AM), http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx.

[4]   The Court obtained this date from the California Supreme Court's website. California Courts, Supreme Court, Lower Court (Oct. 23, 2015, 10:04 AM), http://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=0&doc_id=2055399&doc_no=S213140.

[5]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on October 9, 2015. Pet. at 6. Thus, the Court deems October 9, 2015 the Petition's filing date. See Roberts, 627 F.3d at 770 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8186-PSG (KK) | Date | October 23, 2015 |
|---|---|---|---|
| Title | Kamilah L. Dennis v. Kimberly Hughes | | |

and (2) the trial court improperly "refus[ed] to give an instruction on voluntary manslaughter as a lesser included offense of murder based upon the theory of unreasonable self-defense." Id. at 3-4.

### III. DISCUSSION

**A.   The Petition Was Filed After AEDPA's One-Year Limitations Period.**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Id. at 6. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court. Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on February 11, 2014, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on November 13, 2013. Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, February 12, 2014, and expired on February 12, 2015. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on October 9, 2015. Pet. at 6. Therefore, applying Section 2244(d)(1), the Court deems the Petition untimely by over seven months. Thompson, 681 F.3d at 1093.

**B.   Statutory Tolling Does Not Render The Petition Timely.**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8186-PSG (KK) | Date | October 23, 2015 |
|---|---|---|---|
| Title | Kamilah L. Dennis v. Kimberly Hughes | | |

2244(d)(2)")). An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Section 2244(d)(2) therefore does not toll the AEDPA limitation period during the pendency of a petitioner's federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129, 150 L. Ed. 2d 251 (2001).

Here, AEDPA's one-year limitations period commenced on February 12, 2014 and the Court's review of the California courts' websites reveals Petitioner filed no subsequent state court actions seeking post-conviction or other collateral review. 28 U.S.C. § 2244(d)(1). Although Petitioner filed her first federal habeas petition on August 25, 2014, Section 2244(d)(2) did not toll AEDPA's limitation period during the pendency Petitioner's first federal habeas petition. Duncan, 533 U.S. at 181-82. Therefore, statutory tolling does not render the Petition timely. Id.

**C.   Equitable Tolling Does Not Render The Petition Timely.**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

///
///
///

# IV.
# ORDER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8186-PSG (KK) | Date | October 23, 2015 |
|---|---|---|---|
| Title | Kamilah L. Dennis v. Kimberly Hughes | | |

    As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than November 6, 2015**.

    Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

    The Court expressly warns Petitioner that failure to timely file a response to this Order will result in a recommendation that the Court dismiss this action with prejudice for her failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

    **The Clerk of Court is directed to serve a copy of this Order on Petitioner at her current address of record.**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s),<br><br>v.<br><br><br>Defendant(s). | <br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

_____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____                    _____
*Date*                    *Signature of Attorney/Party*

*NOTE: **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

***F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

CV-09 (03/10)    **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**